### Norton *v.* Haight.

#### (*Circuit Court, N. D. Illinois.* November 25, 1884.)

1. PATENTS FOR INVENTIONS—PAINT-CANS—INFRINGEMENT—PATENTS NOS. 209,-070 AND 225,499.
   Patent No. 209,070, granted to Edwin Norton, October 15, 1878, for an improved paint-can having a top with an annular disk, with an upward projecting bead, presenting a round, smooth surface to the brush, compared with patent No. 225,499, issued to Francis A. Walsh, on March 16, 1880, for a paint-can having a top with a similar annular disk, but with a sharp upturned inner edge, and *held* not infringed thereby.

2. SAME—ANTICIPATION—CLARK DREDGE-BOX.
   Patent No. 209,070 did not differ substantially from the patent granted to H. M. Clark, October 1, 1872, for an "improvement in dredge-boxes," and was not a patentable invention.

In Equity.

*Munday, Evarts & Adcock,* for complainant.

*N. C. Gridley,* for defendant.

GRESHAM, J. The complainant, by this suit, seeks to enjoin the defendants from infringing letters patent No. 209,070, issued to the complainant on the fifteenth day of October, 1878, for an "improve-

ment in paint-cans," and for an account of profits and damages. The answer denies that the complainant is the first inventor of the alleged improvement, denies infringement, and justifies under patent No. 225,499, issued to the defendant Francis A. Walsh on the sixteenth day of March, 1880. The specifications describe the complainant's invention as follows:

"It is customary to put mixed paints into tin cans for shipment, and purchasers for use are in the habit of cutting away the cover, or a portion thereof, and using the paint direct from the can. As such cans are now made, when the cover or a part of it has been cut away, a rough edge remains with which the brush will come in contact when drawn over the edge of the opening, which it is desirable to do to remove and save the surplus paint which is likely to adhere to the brush in use. The object of my invention is to obviate this difficulty, which I accomplish by providing an annular disk which forms a portion of the cover, with a bead at the inner edge, so formed that upon the inside there will be a recess to receive the edge of the disk, which may form the remainder of the cover. Said bead projects upward, and forms a smooth surface over which the brush can be drawn after the necessary portion of the cover has been removed to give access to the paint. I also provide a secondary cover, fitting over said bead and held by friction, which can be used after a portion of the main cover has been removed.

"In the drawings, A represents the body of a paint-can made of tin. B is an annular disk or ring stamped into the form shown, a being a bead at the inner part of the disk, B, projecting upward, b being a recess on the under side, formed by the walls of the bead, a, and c being another recess on the under side of the disk, B, adapted to fit over the upper edge of the body of the can, which upper edge is turned over, forming a flange, d. D is a piece of sheet metal, the edge of which is turned at right angles, forming a flange, which enters the recess, b, in B, and is there secured either by solder or suitable cement. The outer wall, e, of the bead, a, is perpendicular most of the way. E is a secondary cover, which fits over the bead, a, and is held thereon by friction. * * * When the paint is to be used, that portion of D which is within the bead, a, can be cut out by means of a knife or other suitable instrument, and the bead, a, will furnish a smooth surface over which to draw the brush to remove and save the surplus paint which adheres thereto in use; and if, in cutting out said portion of D, by accident any parts are left so projecting as to interfere with the brush, they can be easily bent down and under the edge of the opening. The secondary cover, E, is a desirable feature. It frequently happens that only a part of the contents of the can is required for immediate use, and this cover, E, fits nearly air-tight, and is a very good protection. As shown, the central portion, D, of the cover is secured in the recess, b, in B; but it is not essential that it be so secured. The object of this part, D, is to effectually close the central opening in the ring, B, during transportation, and D, or anything performing its office, may be secured in place in some other manner. It might lap over the recess, b, and be soldered to the under side of the part, B. Any sheet so secured as to close the central opening in B during transportation will answer the purpose, and perform the functions of the part, D, provided such sheet can be conveniently cut away to give access to the contents of the can."

The claim is as follows:

"In a can, a cover consisting of the annular ring or disk, B, having an upwardly projecting bead, a, and a central portion, D, adapted to be cut away, in combination with the secondary cover, E, fitting over the bead, a, substantially as and for the purposes set forth."

The defendant's can has an annular disk similar to the complainant's, but instead of forming a bead at the inner edge, the defendants simply turn up the edge of the tin or metal in a vertical direction, thus forming a flange to receive the supplemental cover or slip. They also use a diaphragm composed of taggers iron, or other thin metal, adapted to be cut away, which they extend across the entire top of the can under the annular disk, and secure both the diaphragm and disk to the walls of the can by seaming, instead of securing the diaphragm in an upward sunk groove in the annular disk, or by soldering it to the under side of the disk, as does the complainant. The defendants' can has no bead with a smooth, rounded surface at its inner opening upon which to wipe the brush when the can is used as a paint-pot.

The complainant's patent is for a combination of old elements. Whatever merit it has is in the specific arrangement of its parts. His invention, if it can be called such, consists in the precise device which he has described and claimed; and his patent is not infringed, unless the elements entering into the defendants' device are arranged in substantially the same way. Does the defendants' can contain the same elements, or their equivalents, and is it constructed or arranged in the specific form described in the complainant's patent? The complainant's invention consists in so constructing a paint-can that it may be used as a paint-pot after the cover has been removed to give access to the paint. The bead is formed at the inner edge of the annular disk, projecting upward, to furnish a smooth surface upon which to wipe the brush, and relieve it of the surplus paint. It is obvious that a brush wiped against a round or smooth surface will wear much longer than when drawn over a rough or sharp edge. The complainant, by using the bead, obviates the difficulty of bringing the brush into contact with the rough or sharp edge of the tin or other metal. The defendant disregards the function of the upwardly projecting bead, and in its place employs substantially that which the complainant discards or rejects. The complainant has limited himself in his claim to a can with an annular ring or disk, having an upwardly projecting bead, and he must stand by his claim as he made it. The elements constituting the defendant's can are not constructed in the same form as complainant's. The one employs an annular disk with a sharp, upturned edge; the other, an annular disk with an upwardly projecting bead, presenting a round, smooth surface to the brush. One combination is not the same as another if it substantially differs from it in any of its parts. The defendant's annular disk, with its sharp, upturned inner edge, is not the equivalent of the complainant's annular disk, with its smooth, rounded bead, projecting upwards. The complainant distinctly describes the bead, and claims it as a material part of his device. *Mathews* v. *Machine Co.* 105 U. S. 54; *Bridge* v. *Excelsior Co.* 21 O. G. 1955; S. C. 12 FED. REP. 928, note.

Letters patent issued to H. M. Clark, on the first day of October, 1872, for an "improvement in dredge-boxes." Clark's device or can is provided with a cover, constructed with an annular ring or breast, at the inner edge of which is a vertical flange, or ledge, adapted to receive and hold, a secondary slip-cover. Underneath, and fitting to the annular top-cover, a thin metal diaphragm is secured, by adapting its edges so that they fit closely inside the turned down outward edge of the top-cover, and so that the ring of the cover, when inserted with its down-turned edge at the top, secures and confines the diaphragm against and within the top-cover. The diaphragm is perforated. It is not hermetically sealed in the cover, and there is no rounded upturned bead at the inner edge of the annular ring or breast. Any experienced mechanic, with Clark's dredge-box or can before him, could readily construct the complainant's paint-pot. In mechanical construction there is no substantial difference in the two devices. Clark's can was constructed to hold pepper, spice, and other dry substances, and, of course, a tight joint was not called for. A can constructed in the same way, with a diaphragm soldered to the annular ring, and thus adapted to hold liquid, shows no invention. The bill is dismissed for want of equity.